# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No.  12-187V
### Filed:  March 11, 2014
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
MARY BROWN,                          *
                                     *
            Petitioner,              *      Stipulation; Flu; GBS
                                     *
      v.                             *
                                     *
SECRETARY OF THE DEPARTMENT          *
OF HEALTH AND HUMAN SERVICES,        *
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie, Jr., Esq.,* Howie Law, P.C., Dallas, TX for petitioner.
*Melonie McCall, Esq.,* US Dept. of Justice, Washington, DC for respondent.


### DECISION ON JOINT STIPULATION[1]


**Gowen,** Special Master:


     Mary Brown ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on March 22, 2012.  Petitioner alleges that she

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

suffered Guillain-Barre Syndrome ["GBS"] that was caused in fact by a flu vaccination she received on September 23, 2010.  *See* Stipulation, filed Mar. 11, 2014, at ¶¶ 2, 4. Further, petitioner alleges that she experienced residual effects of her injury for more than six months.  *Id.*  Respondent denies that petitioner suffered GBS or any other injury that was caused by her flu vaccination and further denies that the flu vaccine caused petitioner's current disabilities.  Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On March 11, 2014, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioner:

a. **A lump sum of $234,848.00 in the form of a check payable to petitioner, Mary Brown.**  This amount represents compensation for all damages that would be available under § 300aa-15(a), except as noted below in subparagraph (c);

b. **A lump sum of $34,615.13 which represents reimbursement of a State of North Carolina Medicaid lien, in the form of a check payable jointly to petitioner and**

**DIVISION OF MEDICAL ASSISTANCE**
**NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**Office of the Controller**
**2022 Mail Service Center**
**Raleigh, NC 27699-2022**
**Case Number 191678**
**Attn: Mr. Jeff Horton**

Petitioner agrees to endorse this check to the appropriate State agency;

c. **A lump sum of $152.00 which represents past unreimbursed expenses, in the form of a check payable jointly to petitioner and**

**ASHEVILLE EYE ASSOCIATES, PLLC**
**8 Medical Park Drive**
**Asheville, NC 28803-2493**
**FEI:561967404**
**Account No: 905064624**

Petitioner agrees to endorse this check to Asheville Eye Associates, PLLC.

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
**Thomas L. Gowen**
Special Master

---

[3]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MARY BROWN,                          )
                                     )
                                     )
            Petitioner,              )
                                     )
     v.                              )
                                     )   No. 12-187V
SECRETARY OF HEALTH                  )   Chief Special Master Denise Vowell
AND HUMAN SERVICES                   )
                                     )
            Respondent.              )
                                     )

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Mary Brown, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received the flu vaccination on September 23, 2010.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered Guillain-Barre syndrome ("GBS") as the result of the flu vaccination.  She further alleges that she experienced the effects from this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner suffered GBS or any other injury that was caused by her flu vaccination. Respondent further denies that the flu vaccine caused petitioner's current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $234,848.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as noted below in subparagraph (c);

b. A lump sum of $34,615.13 which amount represents reimbursement of a State of North Carolina Medicaid lien, in the form of a check payable jointly to petitioner and

DIVISION OF MEDICAL ASSISTANCE
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES
Office of the Controller
2022 Mail Service Center
Raleigh, NC 27699-2022
Case Number: 191678
Attn: Mr. Jeff Horton

Petitioner agrees to endorse this check to the appropriate State agency; and

c. A lump sum of $152.00 which amount represents past unreimbursed expenses, in the form of a check payable jointly to petitioner and

ASHEVILLE EYE ASSOCIATES, PLLC
8 Medical Park Drive
Asheville, N.C. 28803-2493
FEI: 561967404
Account No. 905064624

2

Petitioner agrees to endorse this check to Asheville Eye Associates, PLLC.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 23, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about March 22, 2012, in the United States Court of Federal Claims as petition No. 12-187V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to suffer any injuries, including GBS.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.


END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

MARY BROWN

ATTORNEY OF RECORD
FOR PETITIONER:

JOHN R. HOWIE, JR., ESQ.
Howie Law, P.C.
4040 North Central Expressway
Suite 850
Dallas, TX 75204
Tel: (214) 622-6340

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD  20857

Dated  3/11/14

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch/ Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

MELONIE J. McCALL
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146
Tel: (202) 616-4098

6